**IN RE: LYONDELL CHEMICAL COMPANY, et al., Debtors.**

**Edward S. Weisfelner, as Trustee of the LB Creditor Trust, Plaintiff,**

v.

**Fund 1, et al., Defendants.**

**Edward S. Weisfelner, as Trustee of the LB Creditor Trust, Plaintiff,**

v.

**Stuart Reichman, et al., Defendants.**

**Case No. 09–10023(MG) (Jointly Administered)**
**Adv. Pro. No. 10–04609(MG), Adv. Pro. No. 12–01570(MG)**

United States Bankruptcy Court, S.D. New York.

Signed July 20, 2016

Filed July 28, 2016

Aaron Lauchheimer, May Orenstein, Sigmund S. Wissner-Gross, Brown Rudnick, LLP, New York, NY, Steven D. Pohl, Brown Rudnick LLP, Boston, MA, for Plaintiff.

Gabelli Associates, pro se.

First NY Securities/Britally Capital a/k/a First New York Securities LLC, pro se.

Bank of Nova Scotia Tax and Bank of Nova Scotia WMF/CDS A/K/A The Bank of Nova Scotia, pro se.

CDS Clearing Deposit a/k/a CDS Clearing and Depository Services, Inc., pro se.

Burl Swafford and Ruth Swafford, pro se.

Comm. Bank of Kansas, pro se.

David R. Johnsen and Amalia G. Johnsen, pro se.

Vincent De Cicco, pro se.

Gulf Stream Marketing Inc., pro se.

International Brokerage Retail Equity, pro se.

SERS/SSGA Pass, pro se.

Sacramento Employees Retirement System, pro se.

Amber Master Fund (CAYMAN), pro se.

Amber Capital Investment Management, pro se.

Investment Firm 1, pro se.

Bank 2, pro se.

Corporation 1, pro se.

Individual 1, pro se.

Mutual Fund 5, pro se.

Farallon Capital, pro se.

Farallon Capital Institutional Partners, L.P. II, pro se.

Farallon Capital Insitutional Partners, L. P. III, pro se.

Pension Fund 2, pro se.

Corporation 2, pro se.

Broker 1, pro se.

Trust 3, pro se.

Individual 224, pro se.

Individual 2, pro se.

Educational Agency 1, pro se.

Corporation 6, pro se.

Bank 4, pro se.

Mutual Fund 14, pro se.

Pension Fund 8, pro se.

Pension Fund 9, pro se.

Financial Advisor 2, pro se.

Mutual Fund 17, pro se.

Financial Advisor 3, pro se.

Partnership 2, pro se.

Corporation 8, pro se.

Bank 7, pro se.

Individual 225, pro se.

Individual 226, pro se.

Mutual Fund 21, pro se.

Merebis Master Fund Limited, pro se.

Financial Advisor 4, pro se.

Fund 12, pro se.

Individual 227, pro se.

Trust 73, pro se.

Individual 229, pro se.

Financial Advisor 40, pro se.

Mutual Fund 58, pro se.

Harvest Offshore Investors, pro se.

Partnership 9, pro se.

Trust 75, pro se.

Harvest Master Enhanced Limited, pro se.

Mutual Fund 24, pro se.

Individual 233, pro se.

Young Family 89 Trust U/A Dated 12/20/1989 C/O Eos Partners (Steven Friedman, Trustee), pro se.

Thomas Martin O'Malley, pro se.

Fund 17, pro se.

The Michael J. Hakan Charitable re U/A Dated 12/20/1995 (M. Hakan and R. Salkin, Trustees), pro se.

Mutual Fund 25, pro se.

Corporation 11, pro se.

Stanley Frommer and Roslind Frommer, pro se.

Pension Fund 16, pro se.

Fund 22, pro se.

Sumitomo Trust and Banking, pro se.

Shaun Bridgmohan, pro se.

Pedro Alberto Garza Cantu And E. Villarreal De Garza, pro se.

Mike Mehmet Mustafoglu Charles Schwab And Co. Inc. Cust. Ira, pro se.

Financial Advisor 9, pro se.

Fund 24, pro se.

Fund 25, pro se.

Financial Advisor 10, pro se.

Pension Fund 18, pro se.

Fund 28, pro se.

Corporation 13, pro se.

Corporation 14, pro se.

Maurizio Nisita Revocable Trust U/A Dated 2/14/2005 (M. Nisita and L. Nisita, Trustees), pro se.

Fursa Master Global Event Driven Fund LP, pro se.

Financial Advisor 11, pro se.

Financial Advisor 12, pro se.

Kevin D. Johnson, pro se.

Rockbay Capital Institutional, pro se.

KDC Merger Arbitrage Master a/k/a KDC Merger Arbitrage Fund., L.P., pro se.

Jack H. Cain Charles Schwab and Co. Inc. Cust. Ira Rollover, pro se.

HTB Investments LLC, pro se.

Fund 30, pro se.

Glazer Offshore Fund Ltd., pro se.

Diane L. Abbey, pro se.

Corporation 17, pro se.

Mutual Fund 30, pro se.

David Leshner, pro se.

Bank 34, pro se.

Family Foundation 8, pro se.

Individual 10, pro se.

Fund 150, pro se.

Mutual Fund 31, pro se.

Individual 244, pro se.

Trust 7, pro se.

Mutual Fund 33, pro se.

Mutual Fund 34, pro se.

Individual 250, pro se.

Individual 11, pro se.

Mutual Fund 35, pro se.

Individual 254, pro se.

Financial Advisor 15, pro se.

Individual 257, pro se.

Domestic Entity 4, pro se.

Sano Investments LLC, pro se.

Individual 12, pro se.

Fund 48, pro se.

Individual 278, pro se.

Individual 280, pro se.

OP & F/Intech, pro se.

Fund 50, pro se.

Corporation 22, pro se.

International Entity 7, pro se.

Trust 77, pro se.

Trust 80, pro se.

Bank 15, pro se.

Pension Fund 26, pro se.

Mutual Fund 37, pro se.

Individual 14, pro se.

Mutual Fund 38, pro se.

Financial Advisor 18, pro se.

Fund 55, pro se.

Financial Advisor 19, pro se.

Mutual Fund 39, pro se.

Insured Index Plus Trust, pro se.

Mutual Fund 40, pro se.

Fund 57, pro se.

Corporation 25, pro se.

Pension Fund 29, pro se.

Pension Fund 30, pro se.

Trust 13, pro se.

Dolphin Ltd. Partnership I, pro se.

Mutual Fund 43, pro se.

Fund 153, pro se.

Fund 154, pro se.

Individual 291, pro se. Corporation 61, pro se.

Individual 292, pro se.

Individual 293, pro se.

Individual 294, pro se.

Individual 295, pro se.

Individual 298, pro se.

Individual 302, pro se.

Individual 304, pro se.

Pension Fund 71, pro se.

Trust 84, pro se.

Individual 310, pro se.

Fund 159, pro se.

Individual 318, pro se.

Individual 322, pro se.

Individual 323, pro se.

Corporation 62, pro se.

Individual 324, pro se.

Pension Fund 73, pro se.

Fund 162, pro se.

Fund 164, pro se.

Individual 333, pro se.

Individual 335, pro se.

Individual 337, pro se.

Individual 338, pro se.

Individual 339, pro se.

Individual 340, pro se.

Individual 342, pro se.

Individual 346, pro se.

Individual 351, pro se.

Individual 353, pro se.

Individual 355, pro se.

Individual 356, pro se.

Individual 366, pro se.

Partnership 12, pro se.

Trust 91, pro se.

Trust 93, pro se.

Trust 95, pro se.

Trust 98, pro se.

Trust 100, pro se.

Sarah A. Harkinson, pro se.

Fund 64, pro se.

Domestic Entity 6, pro se.

Domestic Entity 7, pro se.

Individual 16, pro se.

Non-Profit 1, pro se.

Fund 67, pro se.

Bank 18, pro se.

Trust 15, pro se.

Financial Advisor 22, pro se.

BACAP Equity Fund XXI, pro se.

Individual 29, pro se.

Mutual Fund 44, pro se.

Corporation 30, pro se.

Individual 30, pro se.

Fund 75, pro se.

Bank 19, pro se.

Individual 35, pro se.

Ohio Carpenters' MIDCAP, pro se.

New Americans LLC, pro se.

Trust 19, pro se.

Palomino Fund Ltd., pro se.

Bank 20, pro se.

LMA SPC, pro se.

Rockbay Capital Offshore Fund, pro se.

Bank 23, pro se.

International Entity 2, pro se.

Individual 36, pro se.

Rockbay Capital Fund LLC, pro se.

Individual 37, pro se.

Mutual Fund 46, pro se.

Pension Fund 40, pro se.

Trust 22, pro se.

Fund 89, pro se.

Mutual Fund 47, pro se.

Bank 25, pro se.

Sacramento Employees' Retirement System, pro se.

Trust 29, pro se.

Individual 58, pro se.

Fund 93, pro se.

Financial Advisor 24, pro se.

The V. Mark Rafanelli Living Trust U/A Dated 7/07/2004 (Vincent Mark Rafanelli, Trustee), pro se.

Fund 95, pro se.

Trust 32, pro se.

Mutual Fund 49, pro se.

Fund 97, pro se.

Individual 72, pro se.

Bank 27, pro se.

Janet F. Ross VFTC As Custodian, pro se.

Bank 29, pro se.

Corporation 36, pro se.

Financial Advisor 27, pro se.

Individual 73, pro se.

Trust 39, pro se.

Mutual Fund 51, pro se.

Rickert C. Henriksen, pro se.

Zheyla M. Henriksen, pro se.

Mutual Fund 53, pro se.

Individual 76, pro se.

Arbor Place Limited Partnership, pro se.

Wengln Partners LP, pro se.

Individual 78, pro se.

Individual 79, pro se.

Fund 104, pro se.

Fund 105, pro se.

Mutual Fund 54, pro se.

Pension Fund 49, pro se.

Pension Fund 53, pro se.

Pension Fund 54, pro se.

Hilary L. Shane, pro se.

Bank 31, pro se.

Fund 113, pro se.

Trust 41, pro se.

Mutual Fund 56, pro se.

Agnes Hafner Boswell, pro se.

Vincent De Cicco, pro se.

Li Chen, pro se.

Andre Scharkowski, pro se.

Gulfstream Marketing Inc., pro se.

David S. Owens, pro se.

Julie Ann Owens, pro se.

Crawford Company LLC (Kiastone Holdings Ltd.), pro se.

Corporation 45, pro se.

Corporation 46, pro se.

Corporation 48, pro se.

Family Foundation 4, pro se.

Financial Advisor 30, pro se.

Fund 116, pro se.

Individual 113, pro se.

Individual 124, pro se.

Individual 129, pro se.

Partnership 7, pro se.

Trust 47, pro se.

Bank 32, pro se.

Masons Annuity Sierra/Glenmede, pro se.

Trust 114, pro se.

Trust 115, pro se.

Trust 118, pro se.

Trust 119, pro se.

Trust 120, pro se.

Individual 131, pro se.

Trust 129, pro se.

Trust 49, pro se.

Trust 131, pro se.

Trust 136, pro se.

Corporation 49, pro se.

Family Foundation 5, pro se.

Individual 539, pro se.

Individual 540, pro se.

Individual 541, pro se.

Individual 542, pro se.

Individual 547, pro se.

Individual 548, pro se.

Individual 550, pro se.

Corporation 50, pro se.

Fund 184, pro se.

Fund 185, pro se.

Individual 133, pro se.

Fund 187, pro se.

Individual 134, pro se.

Fund 188, pro se.

Fund 189, pro se.

Individual 135, pro se.

Individual 136, pro se.

Individual 556, pro se.

Individual 557, pro se.

Individual 560, pro se.

Individual 561, pro se.

Individual 563, pro se.

Individual 564, pro se.

Individual 567, pro se.

Individual 568, pro se.

Individual 570, pro se.

Fund 122, pro se.

Individual 578, pro se.

Individual 579, pro se.

Individual 581, pro se.

Corporation 75, pro se.

Corporation 76, pro se.

Partnership 18, pro se.

Trust 138, pro se.

Trust 139, pro se.

Trust 141, pro se.

Trust 51, pro se.

Trust 143, pro se.

Trust 146, pro se.

Pension Fund 56, pro se.

Individual 582, pro se.

Individual 584, pro se.

Individual 585, pro se.

Individual 586, pro se.

Individual 589, pro se.

Individual 591, pro se.

Individual 594, pro se.

Individual 597, pro se.

Individual 601, pro se.

Individual 606, pro se.

Individual 608, pro se.

Bank 39, pro se.

Corporation 77, pro se.

Individual 611, pro se.

Individual 616, pro se.

Individual 624, pro se.

Individual 625, pro se.

Individual 637, pro se.

Individual 638, pro se.

Individual 639, pro se.

Individual 640, pro se.

Individual 641, pro se.

Individual 642, pro se.

International Entity 4, pro se.

Individual 142, pro se.

Trust 148, pro se.

Individual 144, pro se.

Trust 151, pro se.

Non-Profit 6, pro se.

Financial Advisor 32, pro se.

Trust 52, pro se.

Pension Fund 74, pro se.

Individual 374, pro se.

Individual 375, pro se.

Individual 377, pro se.

Individual 380, pro se.

Individual 381, pro se.

Trust 153, pro se.

Trust 155, pro se.

Individual 382, pro se.

Trust 157, pro se.

Trust 102, pro se.

Trust 159, pro se.

Masons Pen Sierra/Glenmede, pro se.

Individual 644, pro se.

Corporation 51, pro se.

Individual 146, pro se.

Individual 648, pro se.

Individual 147, pro se.

Individual 650, pro se.

Individual 651, pro se.

Corporation 52, pro se.

Individual 657, pro se.

Individual 658, pro se.

Tom C. Evans Charles Schwab and Co. Inc. Cust. Roth Conversion IRA, pro se.

Individual 659, pro se.

Individual 660, pro se.

Individual 661, pro se.

Individual 663, pro se.

Individual 664, pro se.

Individual 665, pro se.

Individual 666, pro se.

Individual 383, pro se.

Individual 667, pro se.

Individual 670, pro se.

Individual 671, pro se.

Individual 672, pro se.

Individual 386, pro se.

Davenport Private Capital LLC, pro se.

Investment Firm 9, pro se.

Family Foundation 6, pro se.

Partnership 19, pro se.

Fund 126, pro se.

Individual 149, pro se.

Individual 387, pro se.

Fund 172, pro se.

Individual 392, pro se.

Trust 103, pro se.

Individual 393, pro se.

Individual 394, pro se.

Fund 173, pro se.

Individual 395, pro se.

Individual 396, pro se.

Individual 398, pro se.

Corporation 80, pro se.

Corporation 82, pro se.

Domestic Entity 11, pro se.

Financial Advisor 47, pro se.

Financial Advisor 48, pro se.

Financial Advisor 49, pro se.

Individual 400, pro se.

Individual 401, pro se.

Individual 675, pro se.

Individual 677, pro se.

Individual 403, pro se.

Individual 679, pro se.

Individual 680, pro se.

Individual 683, pro se.

Individual 685, pro se.

Individual 686, pro se.

Individual 687, pro se.

Individual 688, pro se.

Individual 691, pro se.

Individual 693, pro se.

Individual 695, pro se.

Individual 696, pro se.

Non-Profit 8, pro se.

Individual 699, pro se.

Mutual Fund 63, pro se.

Trust 54, pro se.

Individual 405, pro se.

Pension Fund 87, pro se.

Trust 162, pro se.

Partnership 20, pro se.

Individual 410, pro se.

Individual 413, pro se.

Individual 161, pro se.

Individual 415, pro se.

Financial Advisor 37, pro se.

**664**

Individual 163, pro se.

Individual 701, pro se.

Individual 702, pro se.

James Siegel, pro se.

Individual 707, pro se.

Individual 711, pro se.

Individual 712, pro se.

Individual 714, pro se.

Individual 715, pro se.

Individual 716, pro se.

Individual 166, pro se.

Individual 722, pro se.

Individual 731, pro se.

Corporation 53, pro se.

Individual 420, pro se.

Non-Profit 12, pro se.

Individual 422, pro se.

Individual 423, pro se.

Individual 169, pro se.

Partnership 15, pro se.

Partnership 16, pro se.

Trust 163, pro se.

Trust 165, pro se.

International Entity 8, pro se.

Financial Advisor 51, pro se.

Corporation 54, pro se.

Vicki M. Wadler Living Trust UAD 10/10/02 (Vicki M. Wadler, Trustee), pro se.

Sanford Saul Wadler, pro se.

Michael Edward Dokupil, pro se.

Geza Szayer, pro se.

Paulette Szayer, pro se.

Corporation 55, pro se.

Individual 170, pro se.

Partnership 8, pro se.

Individual 179, pro se.

Individual 184, pro se.

Pension Fund 62, pro se.

Fishbein Advisory Co., pro se.

Fund 138, pro se.

Financial Advisor 38, pro se.

Individual 188, pro se.

Matthew J. Anderson, pro se.

Individual 733, pro se.

Individual 737, pro se.

Individual 738, pro se.

Individual 740, pro se.

Individual 191, pro se.

Individual 746, pro se.

Individual 747, pro se.

Bank 41, pro se.

Family Foundation 12, pro se.

Individual 193, pro se.

Working Womans Home Association, pro se.

Individual 198, pro se.

Individual 199, pro se.

Robert T. Williamson Charles Schwab and Co. Inc. Cust. IRA Rollover, pro se.

Peter Randall Zierhut, pro se.

Gayle M. Zierhut, pro se.

John M. Fox, pro se.

Marcella F. Fox, pro se.

Individual 206, pro se.

Individual 210, pro se.

Trust 67, pro se.

Trust 68, pro se.

Jack H. Cain and Esther Cain Trustee Cain Trust U/A Dated 6/08/1988, pro se.

Individual 212, pro se.

Individual 214, pro se.

Individual 216, pro se.

Pension Fund 64, pro se.

Individual 218, pro se.

Robert H. Kramer, pro se.

Halina J. Kramer, pro se.

Individual 219, pro se.

Diane Pellegrino Charles Schwab and Co. Inc. Cust. IRA Rollover, pro se.

IRA FBO Vello A. Kuuskraa DB Securities Inc. Custodian Dated 1/17/03, pro se.

Corporation 59, pro se.

Louis S. Rouse, pro se.

Mary A. Rouse, pro se.

Fund 145, pro se.

Mutual Fund 61, pro se.

Corporation 69, pro se.

Individual 432, pro se.

Individual 433, pro se.

Individual 434, pro se.

Fund 176, pro se.

Individual 437, pro se.

Individual 438, pro se.

Mutual Fund 62, pro se.

Fund 178, pro se.

Individual 446, pro se.

Individual 447, pro se.

Individual 449, pro se.

Individual 450, pro se.

Foundation 7, pro se.

Individual 457, pro se.

Pension Fund 79, pro se.

Individual 458, pro se.

Corporation 71, pro se.

Individual 466, pro se.

Fund 181, pro se.

Fund 183, pro se.

Individual 467, pro se.

Individual 468, pro se.

Individual 476, pro se.

Individual 480, pro se.

Individual 481, pro se.

Individual 486, pro se.

Individual 492, pro se.

Individual 495, pro se.

Individual 503, pro se.

Individual 507, pro se.

Fund 264, pro se.

Individual 759, pro se.

Trust 214, pro se.

Individual 772, pro se.

Fund 215, pro se.

Fund 221, pro se.

Fund 223, pro se.

Fund 224, pro se.

Fund 225, pro se.

Fund 228, pro se.

Fund 230, pro se.

Corporation 85, pro se.

Fund 233, pro se.

Individual 528, pro se.

Individual 534, pro se.

Fund 240, pro se.

Fund 242, pro se.

Fund 243, pro se.

Trust 191, pro se.

Individual 193, pro se.

individual 751, pro se.

Fund 253, pro se.

Trust 197, pro se.

Fund 254, pro se.

Individual 755, pro se.

Individual 773, pro se.

Fund 257, pro se.

Fund 260, pro se.

Corporation 88, pro se.

Individual 757, pro se.

Trust 203, pro se.

Trust 204, pro se.

Individual 758, pro se.

Fund 252, pro se.

Individual 749, pro se.

Investment Firm 11, pro se.

Fund 265, pro se.

Trust 207, pro se.

Fund 271, pro se.

Trust 211, pro se.

Trust 212, pro se.

Trust 213, pro se.

LP MA1 LTD., pro se.

Noel Joseph McDonald Charles Schwab and Co. Inc. Cust. IRA Rollover, pro se.

Gary L. Cianfichi, pro se.

Wayne County Employees Retirement System (Pension Fund 53), pro se.

Provident Trust Company, pro se.

Defendants identified in the Second Amended Complaint as Bank 10, Fund 84, Fund 141, Fund 152, Fund 177 and Fund 202, pro se.

Fund 279, pro se.

International Entity 10, pro se.

Pension Fund 6, pro se.

Central Maine Medical Center [Corporation 59], pro se.

Fund 1, pro se.

KDC Merger Arbitrage Fund, LP, pro se.

Individual 228, pro se.

John Bougiamas, Lead Attorney, Steven R. Schoenfeld, Jonathan S. Pasternak, Del-Bello Donnellan Weingarten Wise & Wiederkehr, LLP, Richard Lyle Reiter, Mark G. Ledwin, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Riyaz G. Bhimani, Eckert Seamans Cherin & Mellott, LLC, White Plains, NY, Ira M. Levee, Lowenstein Sandler LLP, Richard M. Meth, Fox Rothschild LLP, Roseland, NJ, Thomas R. Slome, Meyer. Suozzi, English & Klein, P.C., Ronald M. Terenzi, Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY, Erin L. Eliasen, Stoel Rives LLP, Seattle, WA, James K. Haney, Wong Fleming, P.C., Princeton, NJ, James Matthew Vaughn, Porter & Hedges, L.L.P., H. Brad. Parker, Houston, TX, Craig Scott Hilliard, Stark & Stark, P.C., Lawrenceville, NJ, Craig Goldblatt, Wilmer, Cutler & Pickering, Joel Millar, Wilmer Cutler Pickering Hale & Dorr L.L., Jonathan P. Guy, Orrick, Herrington & Sutcliffe LLP, Washington, DC, Sandra D. Grannum, Drinker Biddle & Reath LLP, Robert E. Bartkus, McCusker Anselmi Rosen & Carvelli, PC, Florham Park, NJ, Daniel R. Swetnam, Ice Miller LLP, Jacqueline K. Matthews, Anthony M. Sharett, Baker Hostetler, Tiffany Strelow Cobb, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, Charles F. Billington III, John Winship Read, Kelsey M. Toulouse, Vorys, Sater, Seymour and Pease LLP, Donald N. Jaffe, Weston Hurd LLP, Todd Allan Atkinson, Ulmer & Berne LLP, Cleveland, OH, David A. Genelly, Matthew M. Showel, Vanasco Genelly & Miller, Mary Patricia Burns, Burke Burns & Pinelli, Ltd., Blake A. Roter, Burke, Warren, MacKay & Serritella, P.C., Bryan Krakauer, Sidley Austin LLP, Erica Tukel Wax, Ulmer & Berne, LLP, Vincent P. Schmeltz, III, Barnes & Thornburg LLP, Clinton A. Krislov, Kirslov & Associates, Ltd., Aaron L. Hammer, Sugar Felsenthal Grais & Hammer LLP, Shelly A. DeRousse, Stahl Cowen Crowley Addis, LLC, Rachel E

Yarch, Kopon Airdo, LLC, Jeffrey L. Gansberg, Much Shelist, Nicole E. Wrigley, Winston & Strawn LLP, Chicago, IL, Alexander R. Bilus, Michael S. Doluisio, Stuart T. Steinberg, Dechert LLP, Joseph T. Kelleher, Benjamin E. Gordon, Stradley Ronon Stevens & Young, LLP, Adrienne N. Anderson, Daniel S. Siedman, Ciardi Ciardi & Astin, Philadelphia, PA, Michael D. Ricciuti, Ryan M. Tosi, K & L Gates LLP, William Haddad, Justin P. O'Brien, Collora LLP, D. Ross Martin, Ropes & Gray, Alissa L. Poynor, Paul S. Samson, Riemer & Braunstein LLP, Ryan P. McManus, Hemenway & Barnes LLP, Sabin Willett, Bingham McCuthen LLP., Kevin J. Walsh, Mintz, Levin, Cohn, Ferris et al., Sabin Willett, Morgan, Lewis & Bockius LLP., Boston, MA, Marlene G. Brown, State of New Jersey—Division of Law, Trenton, NJ, Michael R. Dal Lago, Dal Lago Law, Naples, FL, Phillip W. Bohl, William J. Fisher, Gray Plant Mooty Mooty & Bennett P.A., Michael M. Krauss, Faegre Baker Daniels LLP, Stephen M. Mertz, Faegre & Benson, LLP, Bradley A. Kletscher, Barna Guzy & Steffen, Ltd., Pamela H. Nissen, Anderson Helgen Davis & Nissen, PA, John B. Orenstein, Ross & Orenstein LLC, Cameron A. Lallier, Foley & Mansfield, PLLP, Minneapolis, MN, Robert A. Meynardie, Meynardie & Nanney, PLLC, Raleigh, NC, Jeremy D. Eiden, Office Of The Attorney General, St. Paul, MN, Richard J. McCord, Certilman Balin Adler & Hyman, LLP, East Meadow, NY, Scott W Foley, Shapiro Sher Guinot & Sandler, Baltimore, MD, Kari Yeomans, Yeomans Law Firm, Loveland, OH, David B. Galle, Oppenheimer Wolff & Donnelly LLP, Minneopolis, MN, Charles E. Reynolds, Santen & Hughes, Douglas L. Lutz, Frost Brown Todd LLC, Robert L. Weiser, City of Cincinnati Law Department, Cincinnati, OH, Sara Pfrommer, Law Offices of Sara Pfrommer, Park City, UT, Joseph T. Kelleher, Neal R. Troum, Stradley Ronon Stevens & Young LLP, William R. Kane, Smith Kane, Malvern, PA, Seth A. Albin, Albin Law, Clayton, MO, Scott Fuqua, New Mexico Attorney General's Office, Santa Fe, NM, Michele R. Stafford, Kimberly A. Hancock, Blake E. Williams, Saltzman & Johnson Law Corporation, San Francisco, CA, Darryl S. Laddin, Arnall Golden Gregory LLP, Atlanta, GA, B. Lane Hasler, B. Lane Hasler P.C., Libertyville, IL, Dennis J. Levasseur, Bodman PLC, Jessica A. Engerer, Fred K. Herrmann, P. Warren Hunt, Kerr, Russell and Weber, PLC, Peter A. Jackson, Peter Abraham Jackson, Detroit, MI, Athanasios Basdekis, Charleston, WV, Scott D. Miller, Law Office of Scott D. Miller, East Aurora, NY, David Blaylock, Glankler Brown, PLLC, Memphis, TN, Timothy R. Hott, Law Offices of Timothy R. Hott, P.C., Jersey City, NJ, Frank J. Milos, Jr., City of Pawtucket—Law Department, Pawtucket, RI, Herbert J. Gilles, Strasburger & Price, LLP, William D. Ellerman, Jackson Walker LLP, Joseph A. Friedman, Kane, Russell, Coleman & Logan, P.C., J. Mark Chevallier, McGuire, Craddock & Strother, P.C., Autumn D. Highsmith, Haynes and Boone, LLP, Dallas, TX, Edward E. Berling, Edward E. Berling, P.C., Manakin-Sabot, VA, John A. Wolters, Cavanagh & O'Hara, Springfield, IL, Frank Morgan, Bradshaw & Morgan, PLLC, Westlake Village, CA, Elizabeth A Semler, Timothy Andrew Solomon, Sussman Shank LLP, Portland, OR, Jonathan S. Bodner, Ruskin Moscou Faltischek, P.C., Uniondale, NY, Jeffrey S. Dubin, Huntington, NY, Myles R. Wren, Nogi, Appleton, Weinberger & Wren, Scranton, PA, Kurt Ernest Kates Ramlo, DLA Piper LLP, Los Angeles, CA, Robert J. Blackwell, Blackwell & Associates, P.C., O'Fallon, MO, Deborah Kovsky-Apap, Pepper Hamilton LLP, Southfield, MI, Francis J. Lawall, Pepper Hamilton LLP, Philidelphia, PA, Andrew A. Jones, Whyte Hirsch-

boeck Dudek S.C., Milwaukee, WI, David L. Treat, Lindow Stephens Treat LLP, Leonard Leighton, Leighton & Leighton, P.C., San Antonio, TX, Bernard S. Greenfield, Trepel Greenfield Sullivan & Draa LLP, San Jose, CA, Jonathan M. Stemerman, Elliot Greenleaf, David M. Powlen, Barnes & Thornburg LLP, Wilmington, DE, Peter Alan Zisser, The Law Office of Peter A. Zisser, Esq., Little Falls, NY, Adam Silverstone, Lewis Johs Avallone Aviles, LLP, Islandia, NY, Margarita Y. Ginzburg, Day Pitney LLP, Parsippany, NJ, Herbert K. Ryder, Law Offices of Herbert K. Ryder LLC, Whitehouse Station, NJ, Patrick W. Wade, Hershner Hunter LLP, Eugene, OR, Katherine C. Clark, Davidson & Grannum, LLP, Orangeburg, NY, Jonathan P. Sanstead, Pearce & Durick, Bismarck, ND, Santo Borruso, Joseph J. Ortego, Nixon Peabody LLP, Jericho, NY,

Kellianne Baranowsky, John A. Farnsworth, Withers Bergman LLP, New Haven, CT, Alexander G Benisatto, Shapiro Croland Reiser Apfel & Di Iorio, LLP, Rick Aaron Steinberg, Nowell Amoroso Klein Bierman, P.A., Hackensack, NJ, Bradley S. Defoe, Varnum LLP, Novi, MI, Robert Michael Azzi, Stephen B. Grow, Warner Norcross & Judd, LLP, Grand Rapids, MI, Robert P. Diederich, McGrath North Mullin & Katz, PC LLO, John D. Stalnaker, Stalnaker, Becker & Buresh, P.C., Omaha, NE, Myles H. Alderman, Jr., Alderman & Alderman, LLC, Hartford, CT, Ezekiel D. Carder, Weinberg Roger & Rosenfeld, Alameda, CV, Steven H. Kane, Kane & Koltun, Maitland, FL, Wanda Borges, Borges & Associates, LLC, Syosset, NY, James B. Glucksman, James B. Glucksman, Esq., Rye Brook, NY, Robert A. Benjamin, Kaufman Borgeest & Ryan LLP, Valhalla, NY, George E. Christianson, Christianson Meyer, Lebanon, PA, Wayne M. Levine, Berman, Schulman & Levine, Brooklyn, NY, Brenda L. Adkinson, Leighton, Williams, Adkinson & Brown, PLLC, Austin, TX, Donna L. Kirchner, George M. Kraw, Kraw & Kraw Law Group, Mountain View, CA, Michael Jameson Pucillo, Wendy Hope Zoberman, Berman DeValerio, Palm Beach Gardens, FL, Marjorie S. Becklund, Arizona Attorney General's Office, Tucson, AZ, Gilbert A. Lazarus, Forest Hills, NY, Rebecca J Dunaway, Sempra Energy, Office of the General Counsel, San Diego, CA, Evan J. Feldman, Clark Hill PLC, Birmingham, MI, Trevor L Hughes, Johnson & Jones, P.C., Tulsa, OK, Michael E. Pitts, Law Offices of Michael E. Pitts, Redwood City, CA, Robert A. Koenig, Shumaker, Loop & Kendrick, LLP, Toledo, OH, Mark J. Adey, Barnes & Thornburg LLP, South Bend, IN, William Hao, Alston & Bird LLP, Jordan E. Stern, Becker, Glynn, Muffly, Chassin & Hosinski LLP, Denis Patrick Kelleher, Clayman & Rosenberg LLP, Robert P Bramnik, Justin D'Elia, Duane Morris LLP, James F. Moyle, Moyle LLC, Guy Petrillo, Tatyana Trakht, Petrillo Klein & Boxer LLP, Ronald Scott Beacher, Conrad Chiu, Patrick Sibley, Pryor Cashman LLP, David S. Rutherford, Rutherford & Christie, LLP, Patrick Nicholas Petrocelli, Stroock & Stroock & Lavan LL,P Brian T. Kohn, David K. Momborquette, Matthew J. Moses, Bill Gussman, Schulte Roth & Zabel LLP, Norman A. Bloch, Barry M. Kazan, Shaun McElhenny, Simon Miller, Joseph W. Muccia, Jeanette Rodriguez, Thompson Hine LLP, Paul H. Cohen, Thompson & Knight LLP, Bennette D. Kramer, Schlam Stone & Dolan, LLP, Philip D. Anker, Hanna Baek, Ross E. Firsenbaum, Peter J. MacDonald, Jessica Rachel Wheeler, Jeremy S. Winer, Peter J. McDonald, Wilmer Cutler Pickering Hale & Dorr LLP, Pamela Karten Bookman, Wilmer Hale LLP, Scott Cameron Kessenick, Dechert LLP, Karin E. Fisch, Abbey Spanier Rodd & Abrams,

LLP, Matthew J. Gold, Kleinberg, Kaplan, Wolff & Cohen, P.C., Ana M. Alfonso, Willkie Farr & Gallagher, LLP, Jessica Mikhailevich, Christopher George Karagheuzoff, Richard H. Silberberg, Dorsey & Whitney LLP, Clement John Colucci, New York State Department of Law, Paulina Stamatelos, New York State Office of the Attorney General, Kenneth Murray, Beugelmans, PLLC, Bruce E. Clark, Alana Mary Longmoore, David B. Tulchin, Sullivan & Cromwell LLP, Richard C. Pepperman, Sullican & Cromwell LLP, Qian A. Gao, Boies, Schiller & Flexner LLP, David G. Trachtenberg, Trachtenberg Rodes & Friedberg LLP, Christopher Gartman, Greta A. Fails, Sarah K. Loomis Cave, Daniel Steven Lubell, Hughes Hubbard & Reed, LLP, Leo T. Crowley, Pillsbury Winthrop Shaw Pittman, LLP, Andrew G. Lipkin, New York City Law Department, Darren K. Ishmael, Robert A Johnston, Jr., Jose F. Sanchez, Gabriella L. Zborovsky, George B. South, Christopher P. Hall, DLA Piper LLP, Allan S Sexter, Alissa M. Nann, Richard J. Bernard, Foley & Lardner LLP, Daniel Schimmel, Foley Hoag LLP, James J. Lotz, Foley & Mansfield, P.L.L.P., Christopher A. Lynch, Reed Smith LLP, Erich O. Grosz, Joseph P. Moodhe, Tricia Bozyk Sherno, Zheng Wang, Debevoise & Plimpton LLP, Irena M. Goldstein, David S Mordkoff, Stephen Leonard Ratner, Proskauer Rose LLP, Richard Steven Miller, Kirkpatrick & Lockhart, Preston Gates Ellis, Matthew Kane, Z Capital Partners, L.L.C., Avery Samet, Storch Amini Munves PC, Gayle Pollack, Howard S. Wolfson, Morrison Cohen LLP, David C. McGrail, McGrail & Bensinger LLP, Mark J. Hyland, M. William Munno, Mark D. Kotwick, Seward & Kissel, LLP, Robert A. Horowitz, Aviram Fox, Greenberg Traurig, LLP, Christopher Robert Belmonte, Abigail Snow, Satterlee Stephens Burke & Burke, LLP, Peter L. Feldman, Otterbourg, Steindler Houston & Rosen, Evan A. Davis, Cleary Gottlieb Steen & Hamilton LLP, Richard M. Asche, Litman, Asche & Gioiella LLP, Christopher M. Desiderio, Nixon Peabody LLP, Robert Honeywell, Brian D. Koosed, K & L Gates LLP, Jonathan D. Forstot, Troutman Sanders LLP, Hugh M. McDonald, Dentons US LLP, Scott Talmadge, Kaye Scholer LLP, Vincent R. Cappucci, Andrew J. Entwistle, Entwistle & Cappucci LLP, Steven M. Bierman, James O. Heyworth, Sidley Austin LLP, John G. Nicolich, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, Bonnie Steingart, Stephen M. Juris, Fried, Frank, Harris, Shriver & Jacobson, David S. Elkind, Ropes & Gray LLP, Laureve D. Blackstone, Suzanne Hepner, Levy Ratner, P.C., Dianne F. Coffino, Ronald A. Hewitt, Covington & Burling LLP, Richard J. Corbi, Lowenstein Sandler LLP, Jonathan M. Grant, James R. Warnot, Jr., Linklaters LLP, Gilbert Jesse Bradshaw, The Bradshaw Law Group, Scott S. Markowitz, Tarter Krinsky & Drogin LLP, Douglas R. Hirsch, Sadis & Goldberg, Dana G. Hefter, Casey B. Howard, Shalom Jacob, Locke Lord Bissell & Liddell LLP, Paul J. Labov, Fox Rothschild LLP, Jennifer Ann Fischer, Fox Horan & Camerini LLP, Nava Hazan, Squire Patton Boggs (US) LLP, Jeffrey N. Rich, Eric T. Moser, Rich Michaelson Magaliff Moser, LLP, Schuyler G. Carroll, Perkins Coie LLP, Dina Gielchinsky, Ask LLP, Eduardo J. Glas, Tseitlin & Glas, P.C., Alison D. Bauer, Torys, Bruce I Goldstein, McCusker, Anselmi, Rosen & Carvelli, P.C., George R. Hirsch, Sills Cummis & Gross, PC, Robert Kolodney, Kane Kessler, P.C., Charles G Berry, Arnold & Porter, Gerald E. Ross, Fryer & Ross, LLP, Jorn Axel Holl, Wolf Popper LLP, Nicholas F. Kajon, Stevens & Lee, P.C., Robert Gretch, Kirkland & Ellis LLP, Fletcher W. Strong, Wollmuth Maher & Deutsch LLP, Richard P. Norton, Robert A. Rich, Hunton & Williams LLP,

Jon Paul Robbins, Wade C. Wilkinson, McLaughlin & Stern, LLP, Eric H. Lindenman, Harris Beach PLLC, Andrew B. Eckstein, Blank Rome LLP, Debra Kobrin Levy, John Charles Ohman, Vandenberg & Feliu, LLP, Dennis J. Nolan, Anderson Kill & Olick, P.C., Michael T. Conway, Shipman & Goodwin LLP, Todd S Fishman, Bethany Kriss, Allen & Overy LLP, James A. Beldner, Media 5 Co., LLC, Shawn Randall Fox, McGuire Woods LLP, Joshua H. Epstein, Davis & Gilbert LLP, Wendy S. Walker, Mary Gail Gearns, Andrew D. Gottfried, Morgan, Lewis & Bockius LLP, Menachem O. Zelmanovitz, Zelmanovitz & Associates PLLC, James K. Landau, Ellenoff Grossman & Schole LLP, Roland Gary Jones, Jones & Associates, Michelle McMahon, Bryan Cave LLP, James S. Yu,. Seyfarth Shaw LLP, Ronald R. Sussman, Richard S. Kanowitz, Cooley Godward Kronish LLP, Donald M. Badaczewski, Cohen & Gresser LLP, Stephen P. Murray, Hardin Kundla McKeon & Poletto, P.A., Berj Khoren Parseghian, Lewis, Brisbois, Bisgaard & Smith LLP, Andrew Neil Rosenberg, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Brandon J. Fleischman, Vedder Price P.C., Arthur Jay Steinberg, King & Spalding LLP, Philip M. Gassel, Epstein Becker & Green, P.C., Robin Elizabeth Keller, Hogan Lovells US LLP, Tammy P. Bieber, Wayne H. Davis, Ralph A. Siciliano, Richard W. Trotter, Tannenbaum Helpern Syracuse & Hirschtritt LLP, Philip D. Robben, Kelley Drye & Warren LLP, Michael E. Norton, Norton & Associates, LLC, Jeff J. Friedman, Katten Muchin Rosenman LLP, Christopher J. Battaglia, Walter Benzija, Halperin Battaglia Benzija, LLP, Jenny Baker Stapleton, Kathleen Ann Walker, Hughes Hubbard & Reed LLP, William J.F. Roll, III, Shearman & Sterling LLP,

Richard W. Reinthaler, Winston & Strawn LLP, Lawrence S. Menkes, Deirdre J. Sheridan, Consolidated Edison Company Of New York, Inc., Teresa Sadutto-Carley, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York, NY, for Defendants.

## ORDER GRANTING SHAREHOLDER DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A STAY

MARTIN GLENN, United States Bankruptcy Judge

Pending before the Court are the following motions (collectively, the "Motions"): (i) *Shareholder Defendants' Motion to Dismiss, or, in the Alternative, for a Stay* (the "Fund 1 Motion," Adv. Pro. No. 10–04609, ECF Doc. #2387) and (ii) *Shareholder Defendants' Motion to Dismiss, or, in the Alternative, for a Stay* (the "Reichman Motion," Adv. Pro. No. 12–01570, ECF Doc. #101), as well as related pleadings thereto. For the reasons explained below, the Motions to dismiss are **GRANTED**.

### RELEVANT BACKGROUND

The *Fund 1* and *Reichman*[1] actions are related to events that transpired during the December 2007 merger of Lyondell Chemical Company ("Lyondell" or "Company") and Basell AF S.C.A. ("Basell"), pursuant to an Agreement and Plan of Merger dated July 16, 2007 (the "Merger Agreement"). On July 16, 2007, Lyondell's board of directors authorized the cash-out merger of Lyondell's shareholders for $48 per share. (Third Am. Compl. (*Fund 1*, ECF Doc. #1941) ¶¶ 1, 258–59.) The acquisition price was funded by $22

---

1. *See Weisfelner v. Fund 1*, Adv. Pro. No. 10–04609 (Bankr.S.D.N.Y. Aug. 1, 2014) ("Fund 1"); *Weisfelner v. Reichman*, Adv. Pro. No. 12–01570 (Bankr.S.D.N.Y. Aug. 1, 2014) ("Reichman").

billion of debt. (Fund 1 Mot. at 2.) Of those funds, approximately $12.5 billion was allegedly paid to former shareholders of Lyondell as consideration for their shares. (Id.) In January 2009, Lyondell together with most of its major operating subsidiaries (collectively, the "Debtors") filed for relief under chapter 11 of the Bankruptcy Code.

On July 21, 2009, the Court granted the official committee of unsecured creditors (the "Committee") standing to pursue certain estate claims, including claims related to the Merger. On the next day, the Committee commenced an action against, among others, Leonard Blavatnik, Blavatnik-controlled entities, the former directors and officers of Lyondell and certain Lyondell subsidiaries.

In April 2010, the Court confirmed LBI's plan of reorganization (the "Plan," Main Case # 09–10023, ECF Doc. # 3930). The Plan established two trusts: (i) the Litigation Trust that was established to prosecute various unsettled estate claims (i.e., the Blavatnik action) and (ii) the Creditor Trust that was established to prosecute state law fraudulent transfer causes of action against the former shareholders of Lyondell based on their receipt of consideration in connection with the Merger (i.e., Fund 1 and Reichman). (Id.) The Debtors' unsecured creditors are the primary beneficiaries of both trusts, and Edward S. Weisfelner is the Trustee of both trusts. (Id.)

After confirmation of the Plan, three fraudulent transfer adversary proceedings were commenced against certain former shareholders of Lyondell. The plaintiffs in these proceedings sought to avoid and recover the consideration that the shareholders received in exchange for their Lyondell shares (the "Merger Consideration").

On October 22, 2010, Edward S. Weisfelner, as trustee of the LB Creditor Trust (the "Creditor Trustee"), commenced the Fund 1 action in New York state court. The action was subsequently removed by certain defendants to federal court. In Fund 1, the Creditor Trustee asserted intentional and constructive fraudulent transfer claims under applicable state law, seeking to recover a total of approximately $5.9 million in Merger Consideration received by certain named former shareholders of Lyondell. (Third Am. Compl., Fund 1, ECF Doc. # 1941.)

On December 23, 2010, Edward S. Weisfelner, as trustee of the LB Litigation Trust (the "Litigation Trustee," together with the Creditor Trustee, the "Trustee"), commenced Weisfelner v. Hofmann, Adv. Pro. No. 10–05525 (Bankr.S.D.N.Y.) ("Hofmann"). In Hofmann, the Litigation Trustee asserted intentional fraudulent transfer claims under section 548 of the Bankruptcy Code, against a putative defendant class, primarily consisting of former Lyondell shareholders that received Merger Consideration. (Second Am. Compl., Hofmann, ECF Doc. # 753.)

In 2011, defendants in the Fund 1 and Hofmann moved to dismiss. The defendants argued that both the state-law fraudulent transfer claims in Fund 1 and the federal-law constructive fraudulent transfer claims in Hofmann were barred by the safe harbor provision in section 546(e) of the Bankruptcy Code. On January 14, 2014, Judge Gerber ruled on the defendants' motions to dismiss, granting in part and denying in part. Weisfelner v. Fund 1 (In re Lyondell Chem. Co.), 503 B.R. 348 (Bankr.S.D.N.Y.2014) (the "January 2014 Decision"). The Court later applied its holding in Fund 1 to the complaints in Reichman and Hofmann. (See Scheduling Order, Reichman, ECF Doc. # 22 at 2; Scheduling Order, Hofmann, ECF Doc. # 746.) The Court granted the defendants' motion to dismiss the inten-

tional fraudulent transfer claim, but granted the Trustee leave to replead. The Court denied defendants' motion to dismiss the state-law fraudulent transfer claim on preemption grounds, holding that section 546(e) does not preempt, and thus does not bar, the Trustee's state-law fraudulent transfer claims in *Fund 1* (and similarly, *Reichman*).

On December 19, 2011, the Creditor Trustee commenced a putative defendant class action, asserting state law intentional and constructive fraudulent transfer claims against a class of former Lyondell shareholders that received Merger Consideration and are not named defendants in *Fund 1*, or in *Weisfelner v. Blavatnik*, Adv. Pro. No. 09–1375 (Bankr.S.D.N.Y.) (Am. Compl., *Reichman*, ECF Doc. # 27.) The action was subsequently removed by certain defendants to federal court.

Following the Court's January 2014 decision referenced above, the Trustee filed amended complaints in the *Fund 1, Hofmann*, and *Reichman* actions to replead the intentional fraudulent transfer claims. On July 30, 2014, defendants again filed motions to dismiss the three clawback actions. On November 18, 2015, Judge Gerber granted defendants' motion to dismiss the intentional fraudulent transfer claims in all three clawback actions, but again declined to dismiss the state-law constructive fraudulent transfer claims in *Fund 1* and *Reichman*. *Weisfelner v. Fund 1 (In re Lyondell Chem. Co.)*, 541 B.R. 172, 196, 201 (Bankr.S.D.N.Y.2015) ("November 2015 Decision"). On December 8, 2015 the Court entered a judgment dismissing *Hofmann* with prejudice.

The Court also denied a motion for reconsideration of the November 2015 decision with respect to state-law constructive fraudulent transfer claims, holding that the motion did "not materially add to matters previously argued and rejected, nor call this Court's attention to facts or authority it overlooked." (Mem. Endorsed Order, *Fund 1* (ECF Doc. # 2360); Mot. for Partial Reconsideration, *Fund 1* (ECF Doc. # 2353).) The Litigation Trustee has appealed the Court's ruling in *Hofmann*, and such appeal has been fully briefed and is *sub judice* before United States District Court Judge Denise Cote.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint need only allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir.2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (emphasis removed)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

Courts use a two-prong approach when considering a motion to dismiss. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir.2013) (stating that motion to dismiss standard "creates a 'two-pronged approach' . . . based on '[t]wo working principles'") (quoting *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937; *McHale v. Citibank, N.A. (In re the 1031 Tax Grp., LLC)*, 420 B.R. 178, 189–90 (Bankr.S.D.N.Y.2009). First, the court must accept all well plead factual

allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g., Iqbal,* 556 U.S. at 677–78, 129 S.Ct. 1937; *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (citation omitted).

■ Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937 (citation omitted). A complaint that pleads only facts that are "merely consistent with" a defendant's liability does not meet the plausibility requirement. *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 183 (2d Cir.2008) (citation omitted).

■ On a motion to dismiss, in addition to the complaint, a court may consider written instruments, such as a contract, that are either attached to the complaint or incorporated by reference. *See, e.g.,* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *The Official Comm. of Unsecured Creditors v. Conseco Fin. Servicing Corp. (In re Lois/USA, Inc.),* 264 B.R. 69, 89 (Bankr. S.D.N.Y.2001) ("In addition to the complaint itself, a court may consider, on a motion to dismiss, the contents of any documents attached to the complaint or incorporated by reference....").

■ Section 546(e) provides, in relevant part, that a trustee may not avoid a transfer that is either (i) a "settlement payment" made by or to (or for the benefit of) a financial institution or financial participant, or (ii) made by or to (or for the benefit of) a financial institution or financial participant in connection with a "securities contract." 11 U.S.C. § 546(e). Section 546(e) provides, in pertinent part, as follows:

> Notwithstanding sections [547 and 548(a)(1)(B) ], the trustee may not avoid a transfer that is a ... settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the benefit of) a ... financial institution [or] financial participant, ..., or that is a transfer made by or to (or for the benefit of) a ... financial institution [or] financial participant ... in connection with a securities contract, as defined in section 741(7), ... that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e).

The Second Circuit expounded on the scope of the section 546(e) safe harbor provision in *In re Tribune Co. Fraudulent Conveyance Litig.,* 818 F.3d 98 (2d Cir. 2016). In *Tribune,* the Second Circuit—in addressing facts similar to the facts in

this case—held that state law constructive fraudulent transfer claims brought by creditors against the debtor's former shareholders to recover amounts they received in connection with a prepetition leveraged buyout ("LBO") were preempted by section 546(e). *Id.* at 124. The Second Circuit rejected the notion that section 546(e) does not apply "when monetary damages are sought only from shareholders, or an LBO is involved," and instead confirmed that "Section 546(e)'s language clearly covers payments ... by commercial firms to financial intermediaries to purchase shares from the firm's shareholders." *Id.* at 120 (citations omitted). In other words, under *Tribune,* payments made in connection with transactions involving an LBO are no different in the eyes of the statute. *See id.* at 122.

The facts in this case are clearly decided by *Tribune.* In fact, as stated above, the Second Circuit stated that "[s]ection 546(e) clearly covers payments, such as those at issue [in *Tribune* ], by commercial firms to financial intermediaries to purchase shares from the firm's shareholders." *Tribune,* 818 F.3d at 120 (citations omitted). Moreover, the Second Circuit expressly stated that the extraordinary breadth of section 546(e) covers cash out payments to shareholders in an LBO. *Id.* at 122 (stating "concern has been expressed that LBOs are different from other transactions in ways penitent to the Bankruptcy Code. However, the language of Section 546(e) does not exempt from its protection payments by firms to intermediaries to fund ensuing payments to shareholders for stock." (internal citations omitted).) Accordingly, the Trustee's constructive fraudulent conveyance claims in these actions are barred by the safe harbor of section 546(e).

The alternate relief seeking a stay of the action, requested in the Motions and also, separately, by the Trustee is **DENIED.** *Tribune* clearly controls the disposition of these Motions. There is no "circuit split" with respect to the legal principles set forth in *Tribune.* But see PAH Litigation Trust v. Water Street Healthcare PartnersL.P. (In re Physiotherapy Holdings, Inc.), Adv. Proc. No. 15–51238(KG), 2016 WL 3611831, at *7 (Bankr.D.Del. Jun. 20, 2016) ("Although *Tribune II* settled the split in the Second Circuit, it is nevertheless not binding on this Court. The Court finds the reasoning in *Lyondell* more persuasive and therefore adopts its holding."). Trial of the *Lyondell* actions has been scheduled for October 2016. The Court concludes that there is no reason to stay the actions awaiting the filing of a certiorari petition and action by the Supreme Court in *Tribune.*

### *CONCLUSION*

Because granting the motions to dismiss will result in the dismissal of these cases with prejudice, a bankruptcy court does not have authority to enter a final order or judgment in these cases absent consent of the parties, which has not been given. Therefore, this Order shall be treated as proposed findings of fact and conclusions of law, subject to the objection procedure in Federal Rule of Bankruptcy Procedure 9033. Final judgment must be entered by the district court.

For the forgoing reasons, the Motions are **GRANTED.**

**IT IS SO ORDERED.**